IN THE  UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

TERRENCE POUNCEY                          *

    Plaintiff,                              *

       v.                                 *            1:08-CV-652-TMH
                                                                      (WO)
OFFICER NELSON, *et al.*,                  *

    Defendants.                             *

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this action on August 12, 2008. On November 17, 2008 the court directed the Clerk  to serve a copy of the second amended complaint on Defendants Nelson and Peters.[1]

On November 17, 2008 the envelope containing Defendants Nelson's and Peters' copy of the second amended complaint was returned to the court marked as undeliverable. Consequently, on November 18, 2008 the court entered an order which notified Plaintiff that service of process had not been obtained on Defendants Nelson and Peters.  (*See Doc. No.*

---

[1]On August 14, 2008 the court directed Plaintiff to file an amended complaint.  The order advised Plaintiff that the amended complaint would supercede the original complaint.  (*See Doc. No. 3*.) Upon review of Plaintiff's amended complaint filed on October 10, 2008 the court deemed it necessary to direct Plaintiff to submit a second amended complaint which would supercede the original and first amended complaint.  (*See Doc. No. 15*.)  Plaintiff filed his seconded amended complaint on November 6, 2008. (*See Doc. No. 18*.)   The court directed the Clerk to serve the November 6, 2008 amended complaint on Defendants Peters and Nelson. (*See Doc. No. 19*.)

*22.*) This order advised Plaintiff that if a person had not been served, he/she was not a party to this lawsuit except in very unusual circumstances. Plaintiff was, therefore, directed to furnish the Clerk's Office with a correct address for Defendants Nelson and Peters. The above-referenced order further advised Plaintiff that the court would not continue to monitor this case to ensure that the defendants Plaintiff wished to sue had been served. Plaintiff was informed that this was his responsibility. The order also informed Plaintiff that if he failed to comply with the court's directives, Defendants Nelson and Peters would not be served, they would not be considered parties to this action, and this case would proceed only against those defendants, if any remained, on whom service was perfected.

Plaintiff has filed no response to the court's November 18, 2008 order directing that he provide service addresses for Defendants Nelson and Peters on or before December 2, 2008. The court, therefore, finds that service of the complaint has not been perfected on Defendants Nelson and Peters and no exceptional circumstances exist which warrant their inclusion as defendants in this case. Further, because Defendants Nelson and Peters are the only remaining defendants to this cause of action, the court concludes that dismissal of this action is appropriate. In light of the foregoing, the court concludes that Defendants Nelson and Peters are due to be dismissed as a parties to this complaint and the complaint is due to be dismissed without prejudice. *See* Rule 4(m), *Federal Rules of Civil Procedure*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant

complaint be DISMISSED without prejudice for Plaintiff's failures to prosecute this case and to comply with the order of this court that he provide a service address for Defendants Nelson and Peters, the only defendants remaining in this case, and the resulting failure to perfect service on these individuals.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 5, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party object. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

Done, this 19th day of December 2008.

/s/  Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE